# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD GRIMM, MARGARET MOONEY, AND DINESH PATEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EAGLE AIRLINES, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No. LA CV11-00406 JAK (MANx)<br><br>Hon. John A. Kronstadt<br><br>**FINAL JUDGMENT**<br><br>**JS-6**<br><br><br>Date: February 23, 2015<br>Time: 8:30 a.m.<br>Courtroom: 750 |

The Court conducted a hearing regarding the fairness and final approval of the parties' Stipulation of Settlement and Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Motion") and Plaintiffs' Motion for Award of Attorney's Fees, Incentive Awards and Reimbursement of Costs (the "Application") on February 23, 2015, at 8:30 a.m., the Honorable John A. Kronstadt presiding.  On March 2, 2015, the Court executed an order (the "Final Approval Order") granting Plaintiff's Motion and partially granting the Application and ordered that the parties "lodge a proposed judgment that conforms with the terms of this Order" by March 11, 2015.  This Final Judgment is hereby entered in accordance with the Final Approval Order.

After considering the papers and the arguments of counsel, having received no objections, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Stipulation of Settlement (hereafter, the "Settlement Agreement") and all definitions set forth therein are hereby incorporated with and made part of this Final Judgment ("Judgment").

2. This Court has jurisdiction over the subject matter of this Settled Lawsuit and all parties to this Settled Lawsuit, including the Class Members, as defined in the Settlement Agreement.  Solely for the purposes of effectuating the Settlement, the Court hereby certifies the Class, defined as all current and former employees of Defendant employed in the State of California who worked in one or more Covered Positions (all Airport Agents, including "Reservation Agents," "Ticket Agents," "Gate Agents," "Customer Service Agents," "Baggage Service Agents," "Passenger Service Agents," "Operations Planning Agents," "Cargo Agents," and similar positions) from September 21, 2006 through September 29, 2014, the date this Court entered the Preliminary Approval Order on the Settlement.  This certification for settlement purposes shall not be construed to be an admission

by the Releasees or a determination as to the certifiability of any class if the merits of class certification had been litigated in the Settled Lawsuit, or in any other action.

3. The Settlement Agreement previously filed in this action, and the terms set forth therein, are ordered to be performed by all parties.

4. The Court hereby finds that the Notice of Settlement, as mailed to all Class Members on December 1, 2014, fairly and adequately described the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Settlement Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the Settlement are bound by this Judgment.

5. The Court orders the Parties to implement, and comply with, the terms of the Settlement.

6. This Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members who did not properly request exclusion pursuant to the Preliminary Approval Order. Upon entry of this Judgment, Plaintiffs and Settlement Class Members who have not opted-out of the Settlement shall be deemed to have released the Releasees of the Released Claims, which are defined in the Settlement Agreement as any and all claims or causes of action that are pled in or reasonably related to claims pled in the Complaint or the First Amended Complaint by members of the Settlement Class while employed in a Covered Position during the Class

Period by Defendant, including, but not limited to, (a) all claims of any kind related to alleged unpaid compensation, including, without, limitation all claims for wages, overtime, meal and rest period premiums, damages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation expenses, restitution, or equitable relief, whether known or unknown; (b) overtime under California Labor Code sections 510, 515, 1194 and any other applicable sections, as well as under Industrial Welfare Commission Wage Order 9-2001; (c) all claims for inaccurate or deficient wage statements under Labor Code section 226 and any other applicable sections; (d) "waiting time" penalties for late paid or unpaid wages under California Labor Code section 203 and any other applicable sections; (e) claims based on (a) through (d) above, as a predicate for alleged violations of the California Unfair Competition Act, and in particular, California Business & Professions Code § 17200 et seq.; (e) all claims under PAGA; and any premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting based on or related to the alleged claims. All rights of the Settlement Class Members related to such claims under California Civil Code Section 1542 are included in the Released Claims. In addition, Qualified Claimants shall also, by signing the Claim Form, consent to the release of claims that could have been asserted under the FLSA based on the allegations of the Complaint or First Amended Complaint, including claims for wages, penalties, liquidated damages, interest, attorneys' fees, costs and equitable relief. Expressly excluded from the Released Claims are all claims unrelated to the above claims, including, but not limited to, claims for retaliation, discrimination, unemployment insurance, disability, workers' compensation, and claims outside the Class Period, which are not released. All Class Members shall be bound by this release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally opted-out.

7. In addition, upon entry of this Judgment, Plaintiffs shall be deemed to have released the Releasees of the Class Representatives' Released Claims, which are defined in the Settlement Agreement as any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law or contract, whether known or unknown, and whether anticipated or unanticipated, including all unknown claims covered by California Civil Code section 1542, as quoted in Section 5.10.4 of the Settlement Agreement that could be or are asserted based on the Class Representatives' employment by or termination from Defendant, arising at any time up to and including the Preliminary Approval Date, for any type of relief, including, without limitation, claims for minimum or overtime wages, premium pay, business expenses, other damages, penalties (including, but not limited to, waiting time penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief. The Class Representatives' Released Claims include, but are not limited to, the Released Claims, as well as any other claims under any provision of the FLSA, the California Labor Code, any applicable California Industrial Welfare Commission Wage Order, or any city or county Living Wage Ordinances, and claims under state or federal discrimination statutes, including, without limitation, the California Fair Employment and Housing Act, California Government Code § 12940 et seq.; the Unruh Civil Rights Act, California Civil Code § 51 et seq.; the California Constitution; the California Business and Professions Code; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.; the Family and Medical Leave Act; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; and all of their implementing regulations and interpretive guidelines.

8. The Court hereby enters judgment approving the terms of the Settlement Agreement and ordering that the Settled Lawsuit be dismissed on the merits with prejudice on a class-wide basis in accordance with the Settlement. As of the date of this Judgment, all Class Members who did not timely opt out (the "Settlement Class Members") are bound by the instant Judgment and the Settlement. Except as to such rights or claims that may be created by the Settlement, all Settlement Class Members are hereby forever barred and enjoined from commencing or prosecuting any of the Released Claims, either directly, representatively or in any other capacity, against any of the Releasees. All of the Released Claims of each Settlement Class Member, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against the Releasees. This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

9. Excluded from this Settlement and its releases are those persons who have submitted valid and timely requests for exclusion from the Settlement. As of the execution of this Judgment, no Class Member has submitted a valid and timely request for exclusion from the Settlement.

10. Upon the Effective Date, Plaintiffs Bradford Grimm ("Grimm") and Margaret Mooney ("Mooney") shall be deemed to hold an Allowed Eagle General Unsecured Claim (as defined in Defendant's Fourth Amended Joint Chapter 11 Plan ("Plan") filed in Defendant's and related debtors' voluntary cases under chapter 11 of title 11 of the United States Code before the United States Bankruptcy Court for the Southern District of New York Case No. 11-15463 (SHL)) on behalf of themselves and the Class in the total amount of the Settlement Amount in Defendant's chapter 11 cases to resolve the Settled Lawsuit on a class-wide basis, as

described more fully in the Settlement Agreement. The distribution mechanics shall be governed by the Plan. Because distributions on an Allowed Eagle General Unsecured Claim (as defined in the Plan) are made in common stock of American Airlines Group, Inc. (AAL), the ultimate dollar value of the Settlement will depend on the trading price of AAL, although the Service Payments, Class Counsel's costs, and Settlement Administration Costs shall at no time exceed the dollar amount approved by the Court in this Judgment. The Settlement is fully enforceable no matter the trading price of AAL.

11. The Claims Administrator shall conduct all administration of the Settlement Amount, as more fully described in the Settlement Agreement. Among other things, the Claims Administrator shall receive and liquidate AAL stock for purposes of distribution of the Settlement Amount via the Liquid Settlement Fund and administering this Settlement. The Claims Administrator shall disburse attorneys' fees and costs to the Class Counsel from the Settlement Amount as ordered by the Court. The Claims Administrator shall prepare and issue all disbursements of the Net Settlement Fund to Qualified Claimants

12. The Court finds that Harris & Ruble and the Law Offices of John P. Dorigan are qualified to represent the Class and confirms their appointment as Class Counsel. The Court hereby grants Class Counsel's request for an award of attorneys' fees in the amount of 25% of the Settlement Amount, approximately some $100,000 depending on the value of AAL stock at the time of liquidation, and attorneys' costs in the amount of 2.99% of the Settlement Amount, approximately some $11,978 depending on the value of AAL stock at the time of liquidation (but which shall not at any time exceed $11,978). The Court finds that the amount of this award is fair and reasonable in light of the efforts expended by Class Counsel in prosecuting this Settled Lawsuit and the results obtained.

13.     The Court finds and determines that the payment of 1.25% of the Settlement Amount, which is approximately some $5,000 depending on the value of AAL stock at the time of liquidation, to the California Labor and Workforce Development Agency ("LWDA") in settlement of the LWDA's share of the civil penalties alleged by Plaintiffs pursuant to California Labor Code section 2699, et seq. (*i.e.*, the California Private Attorneys General Act of 2004) and compromised under the Settlement is fair and reasonable.  The Court hereby orders that the payment of that amount be made to the LWDA out of the Settlement Amount in accordance with the terms of the Settlement.

14.     The Court finds that it is appropriate for the Class Representatives Mooney, Patel, and Grimm to be paid in the amounts of 1.25%., 0.3125%, and 0.125%, respectively, of the Settlement Amount, which is approximately some $5,000, $1,250, and $500, respectively, depending on the value of AAL stock at the time of liquidation (but which shall not at any time exceed $5,000, $1,250, and $500, respectively), as Service Payments in recognition of their efforts in coming forward as Class Representatives and participating in the Settled Lawsuit, including responding to discovery and attending their depositions, and as consideration for the Class Representatives' Released Claims.  These payments shall be paid from the Settlement Amount, as detailed in the Settlement Agreement.

15.     Settlement Administration Costs in the amount of 4.5% of the Settlement Amount, approximately some $18,000 depending on the value of AAL stock at the time of liquidation (but which shall not at any time exceed $18,000), shall be paid to Rust Consulting, Inc.  This payment shall be made from the Settlement Amount and any uncharged portion of this amount shall be added to the Net Settlement Fund.

16. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, in connection with the above-captioned action except as provided in the Settlement.

17. Neither the Settlement nor any of the terms set forth in the Settlement constitute an admission by the Defendant, or any of the other Releasees, of liability to the Plaintiffs or any Class Member; nor does this Judgment constitute a finding by the Court of the validity of any of the claims alleged in the Settled Lawsuit, or of any liability of Defendant or any of the other Releasees. Neither the making of nor entering into the Settlement constitutes an admission by the Releasees; nor is this Judgment a finding of the validity of any claims in the Settled Lawsuit or of any other wrongdoing. Further, the Settlement is not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement be construed as an admission or concession by or against the Releasees. Evidence of the making or entering into the Settlement shall not be offered or received into evidence in any action or proceeding against any party hereto in any Court, or other tribunal for any purpose, other than to enforce the instant Judgment or the Settlement, or to support a defense by the Releasees of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction.

18. Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this action for the purpose of resolving any disputes that may arise as to the interpretation and enforcement of this Judgment and the Settlement. Nothing in this Judgment precludes any action to enforce the Parties' obligations under the Settlement or under this Judgment.

19. The Court hereby finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment,

as to the Parties to the Settlement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

20. In the event that the Effective Date defined in the Settlement Agreement does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Class Members, and Releasees.

**IT IS SO ORDERED.**

Dated: March 23, 2015

_____
Hon. John A. Kronstadt,
United States District Judge